**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CIVIL ACTION NO:**

INGRID SABOGAL,

    Plaintiff,

vs.

                                              **JURY TRIAL DEMANDED**

RCI MANAGEMENT SERVICES, INC.,
MIAMI GARDENS SQUARE ONE, INC.,
and ERIC LANGAN, individually,

    Defendants.
_____/

## **PLAINTIFF'S COMPLAINT**

1. This case implicates an adult entertainment club which goes by the trade name of "Tootsie's Cabaret." The entities and employers implicated are RCI MANAGEMENT SERVICES, INC., MIAMI GARDENS SQUARE ONE, INC., and ERIC LANGAN ("Defendants").

2. Defendants have a longstanding policy of misclassifying their employees as independent contractors. Moreover, Defendants have persisted in their willful violation of state and federal wage and hour laws notwithstanding the fact that they have previously been sued in prior class actions asserting the same or similar factual allegations.

3. Defendants required and/or permitted Plaintiff INGRID SABOGAL ("Plaintiff") to work as an exotic "entertainer" and/or dancer at their adult entertainment club and refused to compensate her at the applicable minimum wage and overtime rate. In fact, Defendants refused

to compensate Plaintiff at all for the hours she worked.  Plaintiff's only compensation was in the form of tips from club patrons.

4. Defendants' conduct violates the FLSA and Article X, Section 24 of the Florida Constitution which requires non-exempt employees, such as Plaintiff, to be compensated at a rate of at least the applicable Florida minimum wage for all hours/weeks worked, and violates the FLSA which requires that non-exempt employees be paid time and a half for all overtime hours worked.

5. Furthermore, Defendants' practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m), violates the FLSA's minimum wage provision as does Defendants' practice of siphoning away those tips to distribute to non-tip eligible employees.  *See* 29 U.S.C. §§ 203, 206.

## SUBJECT MATTER JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7. This Court has jurisdiction over the Florida Minimum Wage Claims pursuant to 28 U.S.C. §1367, because the acts and omissions that give rise to Plaintiff's FLSA claims are the same acts and omissions that give rise to Plaintiff's Florida Minimum Wage Claims.

8. Venue is proper in the Southern District of Florida because a substantial portion of the events forming the basis of this suit occurred in this District, and Defendants' headquarters are located in this District.

## PARTIES AND PERSONAL JURISDICTION

9. Plaintiff Ingrid Sabogal is a citizen of the State of Florida.

10. From approximately 2009 until approximately May 11, 2018, Plaintiff Ingrid

Sabogal danced at Tootsie's Cabaret in Miami, Florida.

11. Defendant RCI MANAGEMENT SERVICES, Inc., is a Texas Corporation with its principal address in Houston, Texas.

12. RCI MANAGEMENT SERVICES, Inc. is responsible for overseeing the training and operations of Miami Gardens Square One, Inc.

13. Miami Gardens Square One, Inc. is a domestic corporation doing business in Florida for the purpose of accumulating monetary profit.

14. Defendant Eric Langan is an individual and is a citizen of the State of Texas.

15. This Court has personal jurisdiction over this Defendant Eric Langan because he is the President of Miami Gardens Square One, Inc. and had sufficient contacts with the Southern District of Florida both individually and as an Officer at all times relevant hereto.

## COVERAGE

16. In an FLSA case, the following elements must be met. "(1) [plaintiff] is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay [plaintiff] minimum or overtime wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.,* 494 Fed. Appx. 940, 942 (11th Cir. 2012) *cert. denied,* 134 S. Ct. 62, (U.S. 2013).

17. Article X, Section 24 of the Florida Constitution incorporates the definitions from the FLSA.

## EMPLOYMENT RELATIONSHIP

18. "To be 'employed' includes when an employer 'suffer[s] or permit[s] [the employee] to work.'" *Id.* at 942 (citing 29 U.S.C. § 203(g)). "To determine if an individual is an employee, 'we look at the economic reality of all the circumstances' surrounding the activity."

*Id.* (citing *Brouwer,* 139 F.3d at 819). "We refer to this test as the 'economic reality' test." *Id.* (citing *Villarreal v. Woodham,* 113 F.3d 202, 205 (11th Cir.1997)). "The touchstone of the economic reality test is the alleged employee's economic dependence on the employer." *Id*.

19. Here, Defendants had the power to hire and fire Plaintiff.

20. Defendants hold an audition for entertainers looking to be hired at the club. Defendants ask that the entertainers "bring proper dancing attire" to the auditions or submit a picture if applying online.

21. Defendants controlled Plaintiff's work schedule.

22. Defendants scheduled Plaintiff to work certain shifts.

23. Defendants required Plaintiff to work a certain number of days during the week.

24. Defendants required Plaintiff to work specific days of the week each week.

25. Defendants provided training, if needed, through an orientation program that taught the entertainers what they needed to know in order to work at Tootsie's Cabaret.

26. Defendants required Plaintiff to wear certain clothing on certain days of the week.

27. Defendants required Plaintiff to sell certain promotional items including items such as t-shirts bearing the Defendants' logo.

28. Defendants determined the rate and the method of payment of all dancers including Plaintiff.

29. Defendants set the price for their customers to pay dancers for side table dances and lap dances.

30. Defendants set a price for their customers to pay entertainers for champagne room dances.

31. Defendants required Plaintiff to pay "house fees" depending on the day and shift she was working.

32. Defendants required Plaintiff and all other entertainers to tip out certain employees at the end of their shift including but not limited to the DJ, the House Mom, wait staff, floor men, valet, security, and managers.

33. Entertainers are an integral part of Defendants' strip clubs.

34. Plaintiff's job duties consisted of dancing in designated areas and performing dances for Defendants' customers at the club. These job duties require little to no skill.[1]

35. Defendants maintained some records regarding the time Plaintiff and all other entertainers arrived and left the club.

36. Defendants required Plaintiff to "maintain a professional appearance and conduct herself professionally and consistent with industry standards and the standards and image of the Club."

37. At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

38. Moreover, the FLSA defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).

---

[1] *See, Freund v. Hi-Tech Satellite, Inc.,* 185 Fed. Appx. 782, 783 (11th Cir. 2006) ([C]ourts must determine whether, as a matter of economic realit[y], an individual is an employee or an independent contractor in business for himself. Several factors guide this inquiry: (1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers; (4) whether the service rendered requires a special skill; (5) the degree of permanency and duration of the working relationship; (6) the extent to which the service rendered is an integral part of the alleged employer's business.") (internal citations omitted); *see also, Clincy v. Galardi S. Enterprises, Inc.,* 808 F. Supp. 2d 1326, 1343 (N.D. Ga. 2011) (applying economic reality test and finding exotic dancers were employees not independent contractors).

39. The statutory definition of "employer" includes corporate officers, participating shareholders, supervisors, managers, or other employees where that individual exercises some supervisory authority over employees and is responsible in whole or in part for the alleged violation. *See id*.; *Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 329 (5th Cir. 1993); *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971-72 (5th Cir. 1984).

40. Defendant Eric Langan is the President and Director of Miami Gardens Square One, Inc.

41. Defendant Eric Langan is involved in the day-to-day business operation of Tootsie's Cabaret.

42. Defendant Eric Langan has responsibility for the supervision of the entertainers at Tootsie's Cabaret.

43. Defendant Eric Langan is responsible for the compensation or lack thereof paid to entertainers at Tootsie's Cabaret.

44. Defendant Eric Langan has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

45. Additionally, Defendant Eric Langan was responsible for the decisions over the day-to-day affairs of the club.

46. In particular, Defendant Eric Langan was responsible for determining whether the club complied with applicable wage and hour laws, including but not limited to Article X, Section 24 of the Florida Constitution.

47. As such, Defendant Eric Langan is the employer of the Plaintiff within the meaning of 3(d) of the FLSA and Article X, Section 24 of the Florida Constitution, and is jointly, severally, and liable for all damages.

48. Further, at all material times, Defendants have operated as a "single enterprise" within the meaning of 3(r)(1) of the FLSA and Article X, Section 24 of the Florida Constitution. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose. *See Brennan v. Arnheim and Neely, Inc.*, 410 U.S. 512, 515 (1973); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 914–15 (9th Cir. 2003).

49. All Defendants have a common business purpose of for profit adult entertainment.

50. Defendants created and implemented companywide policy of misclassifying exotic entertainers as independent contractors at Tootsie's Cabaret, and all other strip clubs operated by Defendant, RCI Hospitality Holdings, Inc., including Rick's Cabaret, Vivid Cabaret, Club Onyx, Jaguars Club, XTC Cabaret, and Bombshells.

## COVERAGE

51. At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r), and Article X, Section 24 of the Florida Constitution.

52. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of Article X, Section 24 of the Florida Constitution because they have had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

53. Specifically, Defendants' employees have sold goods—such as alcoholic beverages and a variety of foods—that have been moved or produced in interstate commerce to Defendants' patrons. Additionally, Defendants' employees, including Plaintiff, have handled

7

materials that have been moved or produced in interstate commerce, which were used in the course of Defendants' business operations.

54. Defendants advertise on the internet, own clubs in multiple states which they advertise together on their website, process credit cards from out of state patrons, communicate via mail, email, and telephone with their clubs outside of the state of Florida, and sell their merchandise across state lines.

55. Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard.

56. At all material times, Plaintiff was an employee who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207 and Article X, Section 24 of the Florida Constitution.

## **WAGE VIOLATIONS**

57. Defendants classified Plaintiff as an independent contractor.

58. Defendants' classification of Plaintiff is erroneous, because Plaintiff was Defendants' employee.

59. Defendants failed to pay Plaintiff any compensation whatsoever.

60. Plaintiff worked in excess of 40 hours per week, but like her hours under 40, Defendants failed to pay Plaintiff anything whatsoever for such overtime hours worked.

61. The only money Plaintiff received was tips received directly from Defendants' customers.

62. Defendants siphoned Plaintiff's tips by requiring her to share her tips with other employees who are not eligible to participate in a tip pool.

### I.     COUNT ONE: VIOLATION OF 29 U.S.C. § 207

63.     Plaintiff incorporates the allegations contained above as if fully set forth herein.

64.     Defendants' practice of failing to pay Plaintiff time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

65.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which their employees are employed are applicable to Defendants or Plaintiff.

### II.     COUNT TWO: VIOLATION OF 29 U.S.C. § 206

66.     Plaintiff incorporates the allegations contained above as if fully set forth herein.

67.     Defendants' practice of failing to pay Plaintiff at the required minimum wage rate violates the FLSA.  29 U.S.C. § 206.  In fact, Defendants do not compensate the exotic entertainers whatsoever for any hours worked.

68.     None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendants or Plaintiff.

69.     Defendants failed to keep adequate records of Plaintiff's work hours and pay in violation of section 211(c) of the FLSA.  *See* 29 U.S.C. § 211(c).

70.     Defendants have not complied with federal law and have failed to maintain such records with respect to Plaintiff.   Because Defendants' records are inaccurate and/or inadequate, Plaintiff can meet her burden under the FLSA by proving that she, in fact, performed work for which she was improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g.*, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

### III. COUNT THREE: VIOLATION OF ARTICLE X, SECTION 24 OF THE FLORIDA CONSTITUTION

71. Plaintiff incorporate the allegations contained above as if fully set forth herein.

72. Plaintiff was entitled to be paid at least the Florida minimum wage for each hour/week worked during employment with Defendants.

73. Plaintiff was not paid the proper minimum wage, as required by Article X, Section 24 of the Florida Constitution.

74. Defendants willfully failed to pay Plaintiff minimum wages for one or more weeks during Plaintiff's employment contrary to Article X, Section 24 of the Florida Constitution.

75. Although such prerequisites are unconstitutional, Plaintiff has complied with all statutory prerequisites to bring her claim pursuant to Article X, Section 24 of the Florida Constitution.

76. Specifically, on September 13, 2018,[2] Plaintiff notified Defendants pursuant to Fla. Stats. § 448.110 of her intention to initiate an action to recover unpaid minimum wages, and on or around December 20, 2018, provided Defendants with a calculation of the unpaid wages to which she was entitled.

77. More than 15 days have elapsed since Plaintiff service of her notice on Defendants, and Defendants have failed to make payment to Plaintiff.

78. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

79. Plaintiff is entitled to an award of damages in an amount equal to the relevant Florida Minimum Wage, and an equal amount as liquidated damages.

---

[2] The parties executed a tolling agreement effective as of September 13, 2018 as to the FLSA claims of Plaintiff (along with other individuals), and as such the FLSA claims of Plaintiff, relate back to September 13, 2015.

80. Plaintiff is entitled to an award of reasonable attorneys' fees and costs, pursuant to Article X, Section 24 of the Florida Constitution.

## DAMAGES SOUGHT

81. Plaintiff is entitled to recover compensation for the hours/weeks she worked for which she was not paid at least the Florida-mandated minimum wage rate.

82. Plaintiff is also entitled to all of the misappropriated funds, including all funds that were charged as fees and penalties, and all tips that were taken. Without repayment of such fees, Plaintiff will not have been paid minimum wage and overtime in accordance Article X, Section 24 of the Florida Constitution.

83. Plaintiff is also entitled to an amount equal to all of their unpaid wages and fees as liquidated damages. Article X, Section 24 of the Florida Constitution.

84. Plaintiff is entitled to recover her attorney's fees and costs as required by Article X, Section 24 of the Florida Constitution.

## JURY DEMAND

85. Plaintiff hereby demands trial by jury.

## PRAYER

For these reasons, Plaintiff respectfully request that judgment be entered in her favor awarding the following relief:

a) Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

b) All unpaid wage at the Florida mandated minimum wage rate;

c) All misappropriated tips;

d) All misappropriated funds that were labeled as fees or otherwise;

e) An equal amount of all owed wages and misappropriated funds and tips as liquidated damages as allowed under Article X, Section 24 of the Florida Constitution;

f) Reasonable attorney's fees, costs and expenses of this action as provided by Article X, Section 24 of the Florida Constitution;

g) Such other relief to which Plaintiff may be entitled, at law or in equity.

Dated: April 18, 2022

Respectfully submitted,

*/s/ Bryan Arbeit*
Bryan Arbeit
FL Bar No. 1010329
Andrew R. Frisch
FL Bar No. 27777
Morgan & Morgan, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Tel: (954) WORKERS; Fax: (954) 327-3013
E-mail: afrisch@forthepeople.com
E-mail: barbeit@forthepeople.com


Brett R. Cohen, Esq.
FL Bar No. 1033391
**LEEDS BROWN LAW, P.C.**
One Old Country Road, Suite 347
Carle Place, NY 11514
Tel: (516) 873-9550
Email: bcohen@leedsbrownlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 18, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which I understand will send notice of same to all counsel and parties of record.

*/s/ Bryan Arbeit*
Bryan Arbeit